-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LLEWELLYN GEORGE, 02-A-0092

    Plaintiff,

-v-

M. MCGINNIS and GILBERT,

    Defendants.

**DECISION and ORDER**
05-CV-0196Sr

---

## INTRODUCTION

Plaintiff, Llewellyn George, an inmate of the Southport Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff claims that the Defendants, M. McGinnis, Superintendent at Southport, and Gilbert, a Correctional Officer at Southport, violated his rights when Gilbert, after allegedly denying plaintiff library supplies, swore at plaintiff, tried to stab plaintiff's hand with a pen and spit in plaintiff's face. Plaintiff also alleges that McGinnis ignored a number of written complaints regarding this incident and is responsible for the actions of his subordinates. For the reasons discussed below, Plaintiff's request to proceed as a poor person is granted and the Complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, Plaintiff is granted permission to

proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this Complaint. In evaluating the Complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the Complaint, the Court finds that Plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

### 1. Claim Agaisnt Gilbert

As noted, Plaintiff claims that Defendant Gilbert, when he became upset at Plaintiff, swore at him, tried to (but did not) stab his hand with a knife and spit at him. Gilbert's alleged conduct, while wholly unprofessional, does not rise to the level of a violation of Plaintiff's constitutional rights under the Eighth Amendment. The

2

complained-of conduct may have been unpleasant to Plaintiff and unbecoming behavior from a correctional officer, but it was nevertheless the sort of *de minimis* violation which does not implicate constitutional concerns. See *Boddie v. Schnieder*, 105 F.3d 857 (2d Cir. 1997) (rejecting claims found to be *de minimis*); *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"), *cert. denied sub nom. John v. Johnson*, 414 U.S. 1033, 94 S. Ct. 462, 38 L. Ed.2d 324 (1973). The claim against Gilbert is hereby dismissed.

### 2. Claim against McGinnis

Plaintiff's claim against Superintendent McGinnis must also be dismissed because the doctrine of *respondeat superior*, the true basis of Plaintiff's claim against McGinnis, has no application to claims brought under 42 U.S.C. § 1983. See *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-95, 98 S. Ct. 2018, 2036-38, 56 L.Ed.2d 611 (1978); *see also Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995) ("The bare fact that [the defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [plaintiff's] claim."). Instead, a showing of some personal responsibility on the part of an employer is required. In the case of an individual defendant, plaintiff must show that the defendant was personally involved in a constitutional deprivation, *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997), or that the defendant, employed in a position of control, failed to remedy the alleged wrong after learning of it, or created a policy or custom under which unconstitutional practices

occurred, or was grossly negligent in managing subordinates, *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).

The allegation that Plaintiff complained to McGinnis about the incident involving Gilbert and that McGinnis took no action to ensure that said conduct did not occur again is insufficient to hold McGinnis liable under § 1983. See *Sealey*, 116 F.3d at 51 (two letters of appeal sent to prison official followed by a reference of said appeal and a response that a decision had been made on the appeal is not sufficient to allege personal involvement against said official). Here, Plaintiff's Complaint attaches, among other things, the letters of Complaint to McGinnis and a letter from Deputy Commissioner Lucien Leclaire, Jr. stating that McGinnis had referred Plaintiff's letters to him and that an earlier investigation into the incident at Southport had found that there was no evidence to substantiate Plaintiff's allegations. This simply does not suffice to allege personal involvement against Defendant McGinnis under § 1983. See *Johnson v. Wright*, 234 F.Supp.2d 352, 363 (S.D.N.Y. 2002 ("To allow a mere letter to an official to impose supervisory liability would permit an inmate to place liability on individuals who had no authority over the situation complained of by merely sending letters.").

## **CONCLUSION**

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee. Accordingly, Plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the Complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will

be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  See 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied.  Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).  Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

### ORDER

IT HEREBY IS ORDERED, that Plaintiff's request to proceed in forma pauperis is granted;

FURTHER, that the Complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

Dated:   July ___, 2005
         Buffalo, New York

_____
WILLIAM M. SKRETNY
United States District Judge